JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-02056-FWS-DFM                                     Date: November 15, 2022
Title: Project C, LLC v. Dennis Durham et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Elsa Vargas for Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER RE: DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2]**

Before the court is Defendant Dennis Durham's ("Defendant") Application to Proceed *in forma pauperis* ("IFP"). (Dkt. 2 ("Application").) Based on the state of the record, as applied to the applicable law, the court sua sponte **REMANDS** this action to California Superior Court, County of Orange and **DENIES AS MOOT** the Application.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove the action to federal court only when the matter could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

**JS-6**
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02056-FWS-DFMDate: November 15, 2022
Title: Project C, LLC v. Dennis Durham et al.

     "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). To establish diversity jurisdiction, a plaintiff must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

     Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n unincorporated association such as a partnership has the citizenships of all of its members." *Id.* (citation omitted); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding a limited partnership is a citizen of every state of which its general and limited partners are citizens). Limited liability companies "resemble both partnerships and corporations" but, "like a partnership, an LLC is a citizen of every state which its owners/members are citizens." *Johnson*, 437 F.3d 894, 899. In determining the citizenship(s) of an unincorporated association, the court must consider the citizenships of *all* its members. *Carden*, 494 U.S. at 195-96. However, a corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02056-FWS-DFM                              Date: November 15, 2022
Title: Project C, LLC v. Dennis Durham et al.

The Notice of Removal asserts that the court's basis for subject matter jurisdiction over this action is federal question jurisdiction under 28 U.S.C. § 1331. (*See* Dkt*.* 1.) However, Plaintiff Project C, LLC ("Plaintiff") brings an unlawful detainer action pursuant to California state law against Defendant and Does 1-10. (*See id*. at 3.) An action "arises under federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint" which "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations and internal quotation marks omitted). Removability "cannot be created by defendant pleading a counter-claim presenting a federal question." *Id.* at 822. Similarly, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The Complaint does not plead any claims arising under federal law. (*See generally* Dkt. 1, Exh. A.) Accordingly, the court lacks federal question jurisdiction over this action. Defendant's assertion the Complaint "presents federal questions," (Dkt. 1 at 2 ¶ 5), does not change this conclusion. Even properly asserted counterclaims and affirmative defenses under federal law are insufficient to establish federal jurisdiction. *See Takeda*, 765 F.2d at 822; *Vaden*, 556 U.S. at 60.

The court also lacks diversity jurisdiction over this case. The Notice of Removal acknowledges, and the Complaint alleges, both Plaintiff and Defendants are residents of Orange County, California. (*See* Dkts. 1, Exh. A at 7; 1-1 at 1.) As pleaded, the parties are not sufficiently diverse. *See Caterpillar*, 519 U.S. at 61. Additionally, Plaintiff seeks $21,616.49 in damages, termination of the subject tenancy agreement, and reasonable attorneys' fees. (*See* Dkt. 1, Exh. A, at 10.) The Complaint does not allege the $75,000 threshold is met, and Defendant does not argue otherwise. Therefore, the court cannot exercise diversity jurisdiction under 28 U.S.C. § 1441. *See Matheson*, 319 F.3d at 1090.

For the reasons set forth above, the court sua sponte **REMANDS** this action to the California Superior Court, County of Orange. *See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (noting "[s]ubject matter jurisdiction may not be waived" and "the district court must remand if it lacks jurisdiction"). Accordingly,

JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-02056-FWS-DFM | Date: November 15, 2022 |
| Title: Project C, LLC v. Dennis Durham et al. | |

the court **DENIES AS MOOT** the Application (Dkt. 2). Given that the court sua sponte **REMANDS** this action to the California Superior Court, County of Orange, the court also **DENIES AS MOOT** Plaintiff Project C, LLC's Ex Parte Application to Remand Case to Orange County Superior Court (Dkt. 8).

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: eva/mku